**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Craig MacPhee, | No. CV 11-1310-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Lifecare Services; Friendship Village of Tempe, | |
| Defendants. | |

On July 13, 2011, the Court issued the following order:

> Inquiring whether the court has jurisdiction is a federal judge's first duty in every case." *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). In this case, the complaint fails to sufficiently plead jurisdiction. Specifically, Plaintiff has failed to allege a claim that arises under Federal law. *See* 28 U.S.C. § 1331. Further, to the extent Plaintiff intended to plead diversity jurisdiction, 28 U.S.C. § 1332, he failed to allege the citizenship of Friendship Village of Tempe. He further failed to allege the citizenship of Lifecare Services, L.L.C. *Johnson v. Columbia Properties Anchorage, L.P.,* 437 F.3d 894, 899 (9th Cir. 2006) (discussing the citizenship of a limited liability company).
> Accordingly,
> **IT IS ORDERED** that by August 12, 2011, Plaintiff shall file an amended complaint properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice for lack of federal subject matter jurisdiction.

Doc. 7.

On August 3, 2011, Plaintiff filed an amended complaint claiming jurisdiction based on diversity. Plaintiff also claimed that Defendant Lifecare Services, L.L.C. is a corporation. Plaintiff attempted to plead the citizenship of Lifecare Services, L.L.C. based on *Hertz Corp.*

*v. Friend*, 130 S. Ct. 1181, 1192; - - - U.S. - - - (2010) (discussing the citizenship of a corporation).

As the Court noted in the previous order, Defendant Lifecare Services, L.L.C. is a limited liability company. The Court also cited two cases discussing the citizenship of a limited liability company, which, unlike a corporation, is not based on a state of incorporation or a principal place of business.

Based on the foregoing, Plaintiff will be given one last opportunity to amend his complaint to fully allege federal subject matter jurisdiction. If the to-be-filed second amended complaint fails to allege jurisdiction, this case will be dismissed without Plaintiff being given any further opportunities to amend. Accordingly,

**IT IS ORDERED** that Plaintiff shall file a second amended complaint by September 9, 2011, properly alleging federal subject matter jurisdiction, or this case will be dismissed without prejudice.

DATED this 18th day of August, 2011.

_____
James A. Teilborg
United States District Judge